UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION
CIVIL ACTION NO. 5:04CV-181-R

CHARLES JONES                                                                                           PLAINTIFF

v.

AUTO-OWNERS INSURANCE COMPANY                                                  DEFENDANT

## MEMORANDUM OPINION

This matter comes before the Court on Defendant's Motion for Summary Judgment (Docket #10). The Plaintiff has responded (Docket #14), and the Defendant has replied in support of its Motion (Docket #15). This matter is now ripe for adjudication. For the reasons that follow, the Defendant's Motion for Summary Judgment is **DENIED in part**, and the Plaintiff will have 30 days to amend their brief as to the bad faith claim**.**

## STANDARD

Summary judgment is available under Fed. R. Civ. P. 56(c) if the moving party can establish that the "pleadings, depositions, answer to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law." In determining whether summary judgment is appropriate, a court must resolve all ambiguities and draw all reasonable inferences against the moving party. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

"[N]ot every issue of fact or conflicting inference presents a genuine issue of material fact." *Street v. Bradford & Co.*, 886 F.2d 1472, 1477 (6th Cir. 1989). The test is "whether the

party bearing the burden of proof has presented a jury question as to each element in the case." *Hartsel v. Keys*, 87 F.3d 795, 799 (6th Cir. 1996). The plaintiff must present more than a mere scintilla of evidence. To support this position, he must present evidence on which the trier of fact could find for the plaintiff. *See id.* (citing *Anderson v. Liberty Lobby*, 477 U.S. 242, 251-52 (1986)). Mere speculation will not suffice to defeat a motion for summary judgment: "[t]he mere existence of a colorable factual dispute will not defeat a properly supported motion for summary judgment. A genuine dispute between the parties on an issue of material fact must exist to render summary judgment inappropriate." *Monette v. Electronic Data Systems Corp.*, 90 F.3d 1173, 1177 (6th Cir. 1996). Finally, while Kentucky state law is applicable to this case pursuant to *Erie Railroad v. Tomkins*, 304 U.S. 64 (1938), a federal court in a diversity action applies the standards of Fed. R. Civ. P. 56, not "Kentucky's summary judgment standard as expressed in *Steelvest, Inc. v. Scansteel Serv. Ctr., Inc.*, 807 S.W.2d 476 (1991)." *Gafford v. General Electric Co.*, 997 F.2d 150, 165 (6th Cir. 1993).

## BACKGROUND

The Plaintiff, Mr. Charles Jones, has brought this claim against the Defendant, "Auto-Owners Insurance Company," based upon a fire that occurred on August 17, 2003 that destroyed the home of the Plaintiff and all of the contents within the home. At the time of the fire the Plaintiff's residence had been insured by the Defendant. Nearly one year after the fire the Defendant offered a settlement, which the Plaintiff did not accept. During that time period of close to one year, the Plaintiff did not have his home nor the money from the insurance company. In the Defendant's Motion for Summary Judgment, the Defendant contested that the Plaintiff's action was barred by a one year contractual limitations period, and that the bad faith

claim of the Plaintiff should fail as a matter of law.

In their response, the Plaintiff provided evidence that he had met the one year filing, and argued that he could establish his bad faith claim without naming an expert witness. In its reply to the response, the Defendant yielded on the contractual limitation claim so long as the complaint was truly filed on August 13, 2004 and not August 20. However, the Defendant further advanced its argument for dismissal of the bad faith claim arguing that the Plaintiff: had not presented any evidence of bad faith, had not solicited any expert witnesses, and could not assert that the standard of care is within the jury's common knowledge.

## Contractual Limitations Period

In his response to Defendant's Motion for Summary Judgment the Plaintiff submitted proof that he had filed their complaint within one-year of the August 17, 2003 fire, submitting copies of the complaint and receipt showing the date of the filing to be August 13, 2004. The Defendant, in its reply, concedes that the Plaintiff met the deadline. Therefore, this Court finds that the contractual deadline to file the claim has been met, and denies the Defendant's motion to dismiss the claim.

## Bad Faith Claim

The Plaintiff has asserted a claim of bad faith against the insurer based upon the length of time it took in dealing with the claim as well as the terms of the settlement that came close to a year after the fire. To prevail on such a claim:

> [an] insured must prove three elements in order to prevail against an insurance company for alleged refusal in bad faith to pay the insured's claim: (1) the insurer must be obligated to pay the claim under the terms of the policy; (2) the insurer must lack a reasonable basis in law or fact for denying the claim; and (3) it must be shown that the insurer either knew there was no reasonable basis for denying the claim or acted with reckless disregard for whether such a basis existed.

*Wittmer v. Jones*, 864 S.W.2d 885, 890 (Ky. 1993). The Defendant claims that in order to determine what the "reasonable insurer" would have done under the circumstances, the Plaintiff must bring in an expert witness to establish the "reasonable insurer" standard for the industry. The Defendant offered the case of *Jarboe v. Harting*, a medical malpractice case, arguing that because the matter was outside the everyday experience of the ordinary juror, the Plaintiff needed to have an expert witness to set the standard. *Jarboe v. Harting*, 397 S.W.2d 775, 778 (Ky. 1965). In addition, the Defendant noted that the deadline for naming an expert witness, March 14, 2005, had passed, and therefore argued that the bad faith claim should be dismissed as a matter of law.

      The Plaintiff responded by arguing that *Jarboe* does not apply, but even if it did, the Plaintiff has a right to solicit expert testimony from the Defendant's witnesses during depositions or at trial. *Jarboe* at 778. In addition, the Plaintiff argues that because this case is one of common knowledge, laymen will be able to understand the circumstances and make a determination based upon the facts. Id. The Plaintiff asserts that because most individuals have experience with insurance claims and because of the fact the Defendant did not settle the claim of the Plaintiff for nearly one year, negligence could be inferred from the facts.

      In its response, the Defendant noted that the deadline for soliciting admissions from the Defendant had passed and the Plaintiff has not named an expert witness, and therefore cannot rely on the opposing party in this instance. In a case offered by the Defendant, the Sixth Circuit Court of Appeals held that a party opposing summary judgment "must make an affirmative showing that a genuine issue of fact exists; mere speculation that further proceedings may uncover supportive evidence is insufficient to resist summary judgment." *Johnson v. City of*

4

*Lorain*, 751 F.2d 385 (Table Opinion) (1984 U.S. App. LEXIS 13597 at *10) (6th. Cir. 1984). The Plaintiff had sufficient time to provide an expert witness before the March 14, 2005 deadline, but it has not done so.

In regards to the second argument offered by the Plaintiff, unlike breach of contract insurance claims, proving a bad faith claim is "no small task, as the insured must be able to point to evidence meeting the three-fold test above. Moreover, for a case to be submitted to a jury, there must be evidence sufficient to warrant punitive damages; that is, to take the claim beyond that of a contract dispute and into the realm of tort law." *Shepherd v. Unumprovident Corp.*, 381 F.Supp.2d 608, 612 (E.D.Ky.,2005). This standard, applied by the Eastern District of Kentucky Federal District Court, also applies to the instant matter.

In *Shepherd* and in *Farmland Mut. Ins. Co. v. Johnson*, similar cases in terms of the bad faith claims against insurance companies, the Plaintiff in each matter used an expert witness to establish the standard of how a reasonable juror would act under the circumstances. *Shepherd* at 614; *Farmland Mut. Ins. Co*. at 388-389.[1] The Kentucky Supreme Court, in *Farmland Mut. Ins. Co.*, explicitly stated that "[j]urors would have little reason to know what is evidence of bad faith in the adjustment of insurance claims." *Id.* at 389. The Kentucky Supreme Court went on to hold that the expert need not be the most qualified, but only someone who can aid the trier of fact in understanding the standard. *Id.*

However, not every insurance case requires an expert to explain the standard, including

---

[1] "Fuller will testify about the practice standards for fair handling of insurance claims and in what manner Defendants' processing failed to comply with those standards. She will testify as to the reasonableness of these actions and Defendants' alleged motivations for such actions" (citing *Shepherd* at 614).

violations under the Unfair Claims Settlements Practices Act. Some of these alleged violations may be so obvious and egregious that they do not require an expert to establish a bad faith claim. The Defendant's argument may rest entirely on the fact that the Plaintiff lacks any expert testimony. Therefore, the Plaintiff is given 30 days to supplement his brief to indicate why an expert is not required. This argument should be fact specific.

      It is so ordered.